■ GERARD D. DE SANTIS, Appellant, v ROBERT ROMEO et al., Respondents.—Motion by the appellant at oral argument of an appeal from an order of the Supreme Court, Nassau County, dated February 1, 1990, for leave to withdraw the appeal as academic.

■ GERARD D. DE SANTIS, Respondent, v ROBERT ROMEO et al., Appellants.—In an action to recover legal fees, the defendants appeal from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered June 19, 1990, which, upon reargument, and upon the granting of the plaintiff's motion for summary judgment, is in favor of the plaintiff and against them in the principal sum of $60,620.57.

Ordered that the judgment is reversed, upon reargument, the original determination denying the plaintiff's motion for summary judgment is adhered to, and the complaint is reinstated; and it is further,

Ordered that the appellants are awarded one bill of costs.

It is well settled that the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment and tender sufficient evidence to demonstrate the absence of any triable issue of fact *(Alvarez v Prospect Hosp., 68 NY2d 320, 324; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404).* Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers *(Alvarez v Prospect Hosp., supra; Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853).*

Under the facts of this case, the plaintiff attorney failed to set forth any evidentiary facts tending to refute the defendants' assertion that an oral agreement existed between them whereby the attorney would receive free office space in exchange for his promise to perform certain legal services free of charge. The attorney's bare, conclusory statements that the defendants were fabricating the issue and had thus far paid five out of a total of fifty legal bills was insufficient to sustain his burden of establishing that no triable issue of fact existed.

A hearing was held to determine the amount of security to be posted by the defendants to release the plaintiff's retaining lien in the underlying action. In this case, the determination made after the hearing as to the amount of the security was not dispositive of the issue of what the actual amount due and owing the plaintiff for his legal services was. It is evident from the record before us that during the hearing the parties were acting under the assumption that the defendants were not waiving any defenses they might have in a subsequent action brought to enforce the lien. Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.